IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRINI ENCINIAS, as personal
representative of the ESTATE OF
ADONUS R. ENCINIAS, deceased,

      Plaintiff,

  vs.                                        Civ. No. 21-1145 KG/SCY

NEW MEXICO CORRECTIONS
DEPARTMENT; MHM HEALTH
PROFESSIONALS, INC.; CENTURION
CORRECTIONAL HEALTHCARE
OF NEW MEXICO, LLC; BEVERLY
WOODBURY; TITO VIDAL; DR. DIGNA
CRISTINA CRUZ-GROST; DR. JAMES
DILLON; DR. JAVIER VERA; ISABELLE
DOMINGUEZ; CHRIS MAURER; and
DR. JOSE ANDRADE,

      Defendants.

## ORDER GRANTING MOTION TO STAY

Plaintiff brings this lawsuit as personal representative of the estate of Adonus Encinias after Mr. Encinias committed suicide while incarcerated at the Central New Mexico Correctional Facility. Plaintiff brings civil rights claims under the Eight and Fourteen Amendment and claims under the American with Disabilities Act and the Rehabilitation Act against 11 defendants, including the correctional facility, its medical personnel provider, and employees of the facility and the medical provider. Doc. 45. Five of those defendants—New Mexico Corrections Department, Isabelle Dominguez, Chris Maurer, David Tito Vidal, and Beverly Woodbury ("NMCD Defendants")—filed a motion to dismiss for failure to state a claim and for qualified immunity. Doc. 47. At the same time, the NMCD Defendants filed the present Motion to Stay Litigation. Doc. 46; *see also* Doc. 55 (response); Doc. 56 (reply).

The NMCD Defendants seek to stay all litigation in this matter, including all discovery, while the qualified immunity motion is pending. "[Q]ualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation. Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (internal citation omitted). Accordingly, in cases where qualified immunity is asserted in a dispositive motion, the movant is ordinarily entitled to a stay of discovery until the qualified immunity question is resolved. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (reasoning that because qualified immunity is an entitlement not to face the burdens of litigation, "[e]ven pretrial matters such as discovery are to be avoided if possible"). Reaffirming its long-held view that discovery should be stayed when qualified immunity is asserted, the United States Supreme Court in *Ashcroft v. Iqbal*, reasoned as follows:

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery" . . . There are serious and legitimate reasons for this. If a government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the government . . . .

556 U.S. 662, 685 (2009).

Plaintiff argues that the "NMCD Defendants seek to disrupt all litigation to address legal issues that affect only a minority of the Defendants rather than to simply stay all discovery pertaining to the NMCD Defendants alone." Doc. 55 at 1. Plaintiff therefore proposes that the Court stay discovery as to the five NMCD Defendants while their motion for qualified immunity is pending and permit discovery as to the remaining Defendants. *Id.* To support this compromise,

Plaintiff cites *Swepi, LP v. Mora Cnty., N.M.*, No. CIV 14-0035 JB/SCY, 2014 WL 7474084 (D.N.M. Dec. 19, 2014) and *Cabrera v. Bd. of Educ. of Albuquerque Pub. Sch.*, No. CV 20-532 KWR/KK, 2021 WL 131460 (D.N.M. Jan. 14, 2021). But neither case deals with a stay once qualified immunity is raised. *See Swepi*, 2014 WL 7474084, at *1; *Cabrera*, 2021 WL 131460, at *2.

Instead, the Supreme Court has instructed that all discovery should be stayed upon the assertion of qualified immunity, even for those defendants not asserting the defense. *Iqbal*, 556 U.S. at 685. It explains that

> [i]t is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id.* at 685–86. In addressing the same argument as the one Plaintiff presently raises, Judge Sweazea held that "[t]he Court is bound by Supreme Court and Tenth Circuit precedent that requires a stay of all discovery when a qualified immunity defense is raised, and standard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised." *Mathis v. Centurion Corr. Healthcare of New Mexico, LLC*, No. 1:22-CV-20 JCH/KRS, 2022 WL 1987713, at *1 (D.N.M. June 6, 2022) (citing *Higgins v. Saavedra*, 2017 WL 1437317, at *1 (D.N.M.)). The Court agrees with this assessment.

Plaintiff also argues that she "has a unique and compelling interest in moving forward expeditiously. Plaintiff's underlying claims resulted in Mr. Encinias' death, so his family has a particularly strong emotional interest in timely resolution of this matter." Doc. 55 at 4. But as Defendants point out, civil rights cases often involve an underlying death and the assertion of

3

qualified immunity. Plaintiff points to no authority that a case involving a death should be treated any differently than other cases in which qualified immunity is raised.

For these reasons, the Court GRANTS the NMCD Defendants' Motion to Stay Litigation. Doc. 46. This matter, including all discovery as to all Defendants, is stayed pending resolution of the NMCD Defendants' Motion to Dismiss (Doc. 47).

**IT IS SO ORDERED.**

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**